**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ANDREW J. HILFORD, | ) | |
| Petitioner, | ) | 3:11-cv-00228-ECR-RAM |
| vs. | ) | |
| | ) | ORDER |
| E.K. McDANIELS, et al., | ) | |
| Respondents. | ) | |

The petitioner has presented the Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (received March 31, 2011) and an application to proceed *in forma pauperis* (ECF No. 4).

The petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The petition shall be filed and served upon respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Moreover, a review of the petition pursuant to Rule 4 of the Rules Governing 2254

1  Actions raises some questions as to the petition's adequacy. "[H]abeas corpus is the exclusive remedy
2  for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or
3  speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v.*
4  *Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369,(1994) (discussing *Preiser v. Rodriguez*, 411 U.S.
5  475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Petitioner brings claims that may not be properly included
6  in this petition. For example, ground one is a claim that petitioner is being housed improperly in Ely
7  State Prison. Such claims are not cognizable in habeas corpus, but related directly to a conditions of
8  confinement claims that should be pursued, if at all, through a civil rights complaint under 42 U.S.C.
9  § 1983.

10  Moreover, ground three complains that petitioner was or has been denied his case file and
11  the state court has failed to address his motion to obtain the records. He contends this violates his rights
12  under the Fourteenth Amendment. However, this does not attack the fact or duration of his confinement.
13  Additionally, petitioner acknowledges that this claim is not exhausted, as it arose after his post-
14  conviction review. Based upon this review, the Court will not require respondents to file an answer or
15  other response to the petition at this time. Petitioner will be given an opportunity to file an amended
16  petition to delete the improper or unexhausted claims and to include any other claims that he may have
17  or may have presented to the state courts in his post-conviction petition. In assistance of this effort,
18  respondents shall be required to provide petitioner with a copy of his post-conviction petition.

19  **IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma*
20  *pauperis* (ECF No. 4) is **GRANTED**. Petitioner shall not be required to pay a filing fee to file his
21  habeas corpus petition.

22  **IT IS FURTHER ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY**
23  **SERVE** the petition (ECF No. 1-1) upon the respondents.

24  **IT IS FURTHER ORDERED** that respondents shall not file any response at this time,
25  but shall obtain and provide to petitioner a copy of his post-conviction petition within thirty days of entry
26

-2-

1  of this order.  Proof of service shall be made and filed with the Court along with a notice of appearance
2  by counsel.

3        **IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45)** days from entry
4  of this order within which to file an amended petition.  If petitioner does not amend the petition, the
5  Court shall exercise its discretion and authority to dismiss the deficient claims presented in the petition
6  on file.

7        **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney
8  General of the State of Nevada a copy of every pleading, motion, or other document he submits for
9  consideration by the Court.  Petitioner shall include with the original paper submitted for filing a
10 certificate stating the date that a true and correct copy of the document was mailed to the Attorney
11 General.  The Court may disregard any paper that does not include a certificate of service.  After
12 respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney
13 General assigned to the case.

14       Dated this 3rd day of May, 2011.



                                                 UNITED STATES DISTRICT JUDGE