```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
                    COUNSEL/PARTIES OF RECORD

        DEC 1 4 2011

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW J. HILFORD, | )<br>) |
| Petitioner, | ) 3:11-cv-00228-ECR-RAM<br>) |
| vs. | )<br>) ORDER |
| E.K. McDANIELS, et al., | )<br>) |
| Respondents. | ) |

The petitioner presented the Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (received March 31, 2011) and an application to proceed *in forma pauperis* (ECF No. 4). The in forma pauperis application was approved and petitioner was given an opportunity to file an amended petition because the nature of the claims originally presented were not proper for habeas review. The deadline for filing the amended petition has long expired and petitioner has not amended his petition or sought additional time. Thus, pursuant to Rule 4 of the Rules Governing Habeas Corpus Actions, the Court shall dismiss grounds one and three and shall request a response as to ground for relief two of the original petition.

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369,(1994) (discussing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Ground one is a claim that petitioner is being housed improperly in Ely State Prison. Such claims are

not cognizable in habeas corpus, but related directly to a conditions of confinement claims that should be pursued, if at all, through a civil rights complaint under 42 U.S.C. § 1983.

Ground three complains that petitioner was or has been denied his case file and the state court has failed to address his motion to obtain the records. He contends this violates his rights under the Fourteenth Amendment. However, this does not attack the fact or duration of his confinement. Additionally, petitioner acknowledges that this claim is not exhausted, as it arose after his post-conviction review.

**IT IS THEREFORE ORDERED** that grounds one and three of the petition are **DISMISSED** as not cognizable in this habeas corpus action.

**IT IS FURTHER ORDERED** that the respondents shall have thirty days to file a response to ground two of the petition. Thereafter, petitioner shall have thirty days to respond.

Dated this __13__ day of December, 2011.

Edward C. Reed.
UNITED STATES DISTRICT JUDGE